Filing # 142687065 E-Filed 01/26/2022 12:36:08 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.

NICOLE MONTROSE, *on behalf of*
*herself and all others similarly situated*,

    Plaintiff,

v.

FANATICS, INC.,

    Defendant.

                                       /

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff NICOLE MONTROSE, on behalf of herself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and through her attorneys as follows:

### NATURE OF ACTION

1. This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant Fanatics, Inc. ("Defendant" or "Fanatics"), arising from its deceptive and untruthful promises to provide "free" or flat, low-cost shipping on orders of sports merchandise ordered through its website.

2. Fanatics prominently advertises "FREE SHIPPING" or, on other occasions, a flat, low-cost shipping price on its website. Those marketing representations are false because Fanatics surreptitiously adds a so-called "Handling Fee" of $1.99 to all orders, which it falsely and deceptively claims (in a difficult to access hyperlink) is for "warehouse and packing" costs.

3. As discussed in detail herein, the assessment of this fee is deceptive and unfair, since, a) Fanatics does not disclose this added fee until the very last step in the multi-step ordering process; b) the fee itself is deceptively named and described; and c) the fee is in actuality a hidden shipping fee.

1
CLASS ACTION COMPLAINT

4. The deceptive addition of the $1.99 "Handling Fee" renders Fanatics' promise of FREE or a flat, low cost shipping false.

5. Fanatics misrepresents the nature of the shipping charges assessed on the Fanatics website, by making representations that fail to correct reasonable understandings of its FREE or flat, low-cost shipping promises, and that misrepresent the actual costs of shipping charged to consumers.

6. Fanatics omits and conceals material facts about the Fanatics shipping service, never once informing consumers in any disclosure, at any time, that the so-called "Handling Fee" is actually a shipping charge.

7. Hundreds of thousands of Fanatics customers like Plaintiff have been assessed hidden shipping charges they did not bargain for.

8. Consumers like Plaintiff reasonably understand Fanatics' express FREE or flat, low-cost shipping representation to disclose the total additional cost they will pay to have their sports merchandise delivered.

9. By unfairly obscuring its true shipping costs, Fanatics deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true shipping charges. To wit, no other major e-commerce site assesses a "handling" or "warehouse and packing" fee in addition to a shipping charge—for the simple reason that warehouse storage of goods and packing of shipped goods are essential, inextricable aspects of "shipping."

10. Plaintiff seeks damages and, among other remedies, injunctive relief that fairly allows consumers to decide whether they will pay Fanatics' shipping costs.

## PARTIES

11. Plaintiff Montrose is a citizen of the State of North Carolina.

12. Defendant, Fanatics, Inc., is incorporated in Delaware and maintains its principal business offices in the city of Jacksonville, Florida.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil

Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorneys' fees.

14. Defendant is subject to personal jurisdiction in this state because its principal place of business is in Jacksonville, Florida.

15. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a foreign corporation doing business in this state; and (2) has an agent or other representative in Duval County, Florida.

## COMMON FACTUAL ALLEGATIONS

### A. Fanatics' App and Website Fails to Bind Users to Any Terms of Service

16. When a consumer selects an item for purchase on the Fanatics website, she then enters into a four-step purchase process in which she is shown four screens that, in order: 1) confirm the item(s) being purchased; 2) require entry of a shipping address; 3) require entry of payment information; 4) require confirmation of purchase from the consumer.

17. During the four-screen process, users are never provided with Fanatics' terms of service; are never required to view such terms of service; and are never required to affirmatively consent to terms of service.

### B. Fanatics Prominently and Plainly Promises FREE SHIPPING or Flat, Low-Cost Shipping on Its Website

18. Fanatics prominently features FREE SHIPPING or (on other orders) flat, low-cost shipping promises on its website. Such representations are made on all pages of the website, including on all four pages of the multi-step purchase process described above.

19. Such representations never carry a disclaimer or other warning that FREE SHIPPING or flat, low-cost shipping only includes certain aspects of the shipping process, but not all.

20. On the first two steps of the Fanatics.com ordering process, the price is disclosed as follows:

Subtotal: [representing the cost of the merchandise selected]

Shipping: [FREE or low cost]

Taxes: [representing sales taxes and additional fees]

ORDER TOTAL: [adding up the above]

21. Only on the third step of the four-step ordering process on Fanatics.com—after deceiving users into believing they will pay a set price for their sports merchandise and receive FREE or flat, low-cost shipping—does Fanatics add the so-called "Handling Fee" to the order. At that point, the price is displayed as:

Subtotal: [representing the cost of the merchandise selected]

Shipping: [FREE or low cost]

Handling Fee: $1.99

Taxes: [representing sales taxes and additional fees]

ORDER TOTAL: [adding up the above]

22. Upon information and belief, Fanatics adds the Handling Fee late in the ordering process to ensure users "anchor" to the purchase with incomplete information, including that shipping will be "FREE" or a flat, low cost.

### C. Fanatics Omits and Conceals Material Facts About the Costs of Shipping

23. Worse, those Handling Fee disclosures were false and misleading, and the shipping charge was not, in fact, "FREE" or a flat, low cost.

24. That is because the "Handling Fee" is a disguised shipping charge, and because Fanatics misrepresents what the "Handling Fee" is actually for: a hidden shipping charge.

25. Reasonable consumers like Plaintiff understand shipping to include reasonable accoutrements to effectuate that shipping, including human or robot packing of the item, materials needed to pack the item, bringing the item to a shipping point like a post office or UPS location, etc.

26. In short, there is no "handling" of the purchased item, separate and apart from the shipping process, and Fanatics deceived consumers by stating otherwise.

27. By assessing add-on fees for certain aspects of "shipping," Fanatics renders its FREE SHIPPING or flat, low-cost shipping promises false.

28. By unfairly obscuring its true shipping charges to consumers, Fanatics deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true shipping charges. Indeed, no other major e-commerce sites in the U.S. assess a "handling" or "warehouse and packing" fee in addition to a shipping charge—for the simple reason that warehouse storage of goods and packing of shipped goods are essential, inextricable aspects of "shipping."

29. Worse, Fanatics expressly misrepresents the nature of the "Handling Fee," with a deceptive description behind a hyperlink. The Fanatics website states that the Handling Fee is "added on an order to cover warehouse storage cost and packing cost."

30. This description of the Handling Fee is false and deceptive, for two reasons. First, Fanatics falsely represents that the "Handling Charge" is a pass-through charge for each order's packing and warehouse costs. But upon information and belief, the $1.99 per order Handling Charge far exceeds Fanatics' per-order packing and warehouse costs.

31. Indeed, because the $1.99 Handling Fee is assessed as a flat rate on all orders, the charge cannot possibly be "to cover" that order's packing and warehouse-related costs.

32. Further evidence that the Handling Charge is a sham, hidden shipping charge—not a charge for packing and warehouse space—is that on other websites operated by Fanatics, the company does not assess such a Handling Fee. Again, that is because "handling" is an inextricable part of "shipping."

33. Specifically, other than Fanatics.com, Defendant operates e-commerce websites for Major League Baseball, the NBA, NFL, NHL and other sports organizations. Defendant does not assess Handling Charges on orders placed on those websites.

34. In short, the disclosed "Shipping" cost on Fanatics.com is not actually FREE or a flat, low cost. The *actual* "shipping" cost—the extra charge to have the sports merchandize delivered to a home—is the listed "Shipping" cost *plus* the "Handling Fee" that Fanatics deceptively adds late in the ordering process.

35. Fanatics does not inform consumers the true costs of shipping and it misrepresents its Shipping cost as FREE or low-price, when in fact those costs are actually higher.

### D. Plaintiff's Experience

36. Plaintiff used Fanatics.com to purchase a branded mobile phone case on November 11, 2021.

37. When using the website, Plaintiff was repeatedly informed that "Shipping" was FREE, including on the check-out screen, in which Fanatics informed her: "Shipping: FREE" as part of her $76.66 order total.

38. However, Plaintiff's purchase included a $1.99 "Handling Fee," that—for the reasons described above—in fact represented an additional shipping charge.

39. Upon information and belief, this same Handling Fee is assessed only on Fanatics.com orders like the one made by Plaintiff and would not have been assessed to Plaintiff if she had placed her order on different Fanatics-operated websites.

40. Plaintiff would not have made the purchase if she had known the Fanatics shipping charge was not in fact FREE.

41. If she had known the true shipping fee, she would have chosen another method or merchant for ordering her item.

## CLASS ALLEGATIONS

42. Pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3), Plaintiff brings this action on behalf of herself and Classes of similarly situated persons. The Classes are defined as follows:

> **Nationwide Class**: All consumers in the United States who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered merchandise through Fanatics.com, and were assessed a so-called "Handling Fee."
>
> **North Carolina Subclass**: All consumers in North Carolina who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered merchandise through Fanantics.com, and were assessed a so-called "Handling Fee."

43. The aforementioned Nationwide Class and North Carolina Subclass are referred to herein as the "Class."

44. Excluded from the Class is Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

45. **Numerosity**: At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are well into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery in the possession of the Defendant.

46. **Commonality**: There are questions of law or fact common to the Class, which include, but are not limited to the following:

    a. Whether during the class period, Defendant deceptively represented its Shipping cost for orders on Fanatics.com;

    b. Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

    c. Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

    d. Whether Defendant's alleged conduct constitutes violations of the laws asserted;

    e. Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;

    f. Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

g.  Whether an injunction is necessary to prevent Defendant from continuing to deceptively represent the amount of the shipping fee on goods deliveries ordered through the Fanatics website and mobile app.

47. **Typicality:** Like Plaintiff, many other consumers ordered goods for shipping from Fanatics' website or mobile app, believing shipping to be the flat fee represented based on Defendant's representations. Plaintiff's claims are typical of the claims of the Class because Plaintiff and each Class member was injured by Defendant's false representations about the true nature of the shipping cost. Plaintiff and the Class have suffered the same or similar injury as a result of Defendant's false, deceptive and misleading representations. Plaintiff's claims and the claims of members of the Class emanate from the same legal theory, Plaintiff's claims are typical of the claims of the Class, and, therefore, class treatment is appropriate.

48. **Adequacy of Representation:** Plaintiff is committed to pursuing this action and has retained counsel competent and experienced in prosecuting and resolving consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class and does not have any interests adverse to those of the Class.

49. **The Proposed Class Satisfies the Rule 1.220(b)(2) Prerequisites for Injunctive Relief.** Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole. Plaintiff remains interested in ordering goods for shipping through Fanatics' website; there is no way for her to know when or if Defendant will cease deceptively misrepresenting the cost of shipping.

50. Specifically, Defendant should be ordered to cease from representing its shipping service as a flat fee and to disclose the true nature of its mark-ups.

51. Defendant's ongoing and systematic practices make declaratory relief with respect to the Class appropriate.

52. **The Proposed Class Satisfies the Rule 1.220(b)(3) Prerequisites for Damages.** The common questions of law and fact enumerated above predominate over questions affecting

only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive, and equitable relief at issue for each individual Class member.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Florida Deceptive and Unfair Trade Practices Act
### (On behalf of the Class)

53.  Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

54.  This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, ("FDUTPA"). The stated purpose of the FDUTPA is to "protect the consuming public … from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

55.  Plaintiff and members of the Class are "consumers" as defined by Fla. Stat. 501.203(7).

56.  Fanatics engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8) when it assessed Handling Fees on website orders.

57.  As described herein, Fanatics' practice of assessing Handling Fees on website orders constitutes an unconscionable, unfair and/or deceptive act in trade or commerce in violation of Fla. Stat. § 501.201.

58.  Fanatics' practice of assessing Handling Fees on website orders by consumers is deceptive because of Fanatics' representations that shipping would be FREE or a flat, low cost.

59.  Fanatics' deceptive, systematic practice of assessing Handling Fees on website orders is a practice that is likely to mislead a consumer acting reasonably under the

circumstances, to the consumer's detriment.

60. As a direct and proximate result of Fanatics' unfair, unconscionable, and/or deceptive acts or practices, Plaintiff and members of the Class have been harmed and sustained damages in the amount of Handling Fees assessed.

## SECOND CLAIM FOR RELIEF
### North Carolina Deceptive Trade Practices Act
**(On behalf of the North Carolina Subclass)**

61. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

62. As described herein, Fanatics' unconscionable and unfair actions regarding the assessment of Handling Fees on website orders, constitute unfair competition and unfair and deceptive trade practices as defined by the laws the State of North Carolina, including but not limited to N.C.G.S. § 75.1-1, *et seq.*

63. As described herein, the assessments are both unfair and deceptive, as they violate industry standards and offend public policy, and they deceive customers who do not understand the charges are actually disguised shipping charges.

64. Fanatics' actions affected commerce in North Carolina, as many of its North Carolina customers were charged these unfair and deceptive fees.

65. Plaintiff relied upon Fanatics' representations that shipping would be FREE or a flat, low cost.

66. This reliance was reasonable, as it was based upon both Fanatics' disclosures, industry practice, and common sense.

67. Plaintiff has been actually damaged as the direct and proximate result of Fanatics' unfair competition and unfair and deceptive trade practices by the amount of Handling Fees assessed.

68. Plaintiff is entitled to recovery of treble damages and, in the discretion of the

Court, reasonable attorneys' fees and costs by virtue of Fanatics' unfair and deceptive trade practices.

## THIRD CLAIM FOR RELIEF
### Breach of Contract
### (On behalf of the Class)

69. Plaintiff repeats and re-alleges the above allegations as if fully set forth herein.

94. Plaintiff and Fanatics have contracted for sport merchandise shipping services, as embodied in the representations made on the Fanatics website.

70. No contract provision authorizes Fanatics to be able to impose hidden shipping charges on its customers in addition to the "shipping" cost represented as FREE or as a flat, low cost price on its website.

71. Fanatics breached the terms of its contract with consumers by charging an additional $1.99 in excess of the contracted-for "shipping" charge.

79. Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

80. Plaintiff and members of the Class have sustained damages as a result of Fanatics' breach of the contract and breach of the implied covenant of good faith and fair dealing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff on behalf of herself and the Class seeks judgment in an amount to be determined at trial, as follows:

(a) For an order enjoining Defendant from continuing the unlawful practices set forth above;

(b) For declaratory and injunctive relief as set forth above;

(c) For an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(d) For compensatory damages according to proof;

(e) For punitive damages according to proof;

(f) For reasonable attorneys' fees and costs of suit;

(g) For pre-judgment interest; and

(h) Awarding such other and further relief as this Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims so triable.

Dated: January 26, 2022

        Respectfully Submitted,

By: */s/ Andrew J. Shamis*
**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Edwin E. Elliott, Esq.
Florida Bar No. 1024900
edwine@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(t) (305) 479-2299

**KALIELGOLD PLLC**
Jeffrey D. Kaliel
*jkaliel@kalielpllc.com*
Sophia Goren Gold
*sgold@kalielgold.com*
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Tel: (202) 350-4783

*Counsel for Plaintiff and Proposed Class*